FILED
2009 Mar-09 PM 01:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| MARTHA DURISSEAU, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) Civil Action No.: _____ |
| | ) JURY TRIAL DEMANDED |
| HOLLOWAY CREDIT SOLUTIONS, LLC, | ) |
| a domestic limited liability, and TRANS UNION, | ) |
| LLC, a foreign limited liability, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

**COMES NOW** Plaintiff, by and through the undersigned attorney, and would show unto this Honorable Court as follows:

## PRELIMINARY STATEMENT

1.   This petition is an action for statutory and actual damages, including injunctive and declaratory relief, brought by an individual consumer (hereinafter referred to as "Plaintiff") against Defendants, jointly and severally, for violations of both the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* (hereinafter referred to as "FDCPA"), and the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter referred to as "FCRA").

2.   In addition, this petition seeks actual, compensatory, statutory, and/or punitive damages under Alabama state law and the Alabama Deceptive Trade Practices Act, Ala. Code 1975 § 8-19-1, *et seq.* (hereinafter referred to as "ADTPA"), pursuant to this Court's pendent and supplemental jurisdiction.

## JURISDICTION AND VENUE

3.    Jurisdiction of this Court arises under the FDCPA, 15 U.S.C. § 1692k(d), the FCRA, 15

U.S.C. § 1681p, 28 U.S.C. § 1331, and the doctrine of supplemental jurisdiction pursuant

to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and

2202. Defendants' violations of Plaintiff's rights, as alleged herein, occurred in

Limestone County, Alabama, and were committed within the Northeastern Division of

the Northern District of Alabama.

## PARTIES

4.    Plaintiff MARTHA DURISSEAU (hereinafter referred to as "Plaintiff") is a natural

person and a resident and citizen of Limestone County, the State of Alabama, and of the

United States. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3)

and Ala. Code 1975 § 8-19-3(2).

5.    Defendant HOLLOWAY CREDIT SOLUTIONS, LLC (hereinafter referred to as

"HOLLOWAY" or "Defendant") is a domestic corporation engaged as "debt collectors"

as defined by and within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and as a

"person" defined under Ala. Code 1975 § 8-19-3(5), engaged in the business of

collecting debts in this State where HOLLOWAY regularly collects or attempts to collect

debts owed or due or asserted to be owed or due another and whose principal purpose is

the collection of debts using the mails and telephone.

6.    Defendant TRANS UNION, LLC (hereinafter referred to as "TRANS UNION" or

"Defendant") is a foreign limited liability company licensed to do business within the

State of Alabama. TRANS UNION is a consumer reporting agency, as defined in section

1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and

dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

### FACTUAL ALLEGATIONS – DEFENDANT HOLLOWAY

7.  Plaintiff restates and reiterates herein all previous paragraphs.

8.  Plaintiff filed bankruptcy and was discharged on January 18, 2006 with Defendant receiving a copy of the discharge order.  The case number is 01-84540 and it was filed in the Northern District of the Alabama Bankruptcy Court.

9.  Despite its receipt of the aforementioned court order, Defendant continues to report Plaintiff's account to one or more of the three national consumer reporting agencies (hereinafter referred to as "CRAs") as having current balances due and payable rather than reflecting that such was discharged in bankruptcy.  More specifically, Defendant shows a balance of $77.00 in the "Collections Accounts" section of TRANS UNION.

10.  Defendant has intentionally and maliciously refused to either accurately report the account as having been discharged in bankruptcy or notify the CRAs that such account has a zero balance as a result of being discharged in bankruptcy.

11.  Plaintiff's credit reports, credit worthiness, and credit scores have been negatively impacted by the inaccurate reporting of Defendant.

12.  Defendant knew and knows that a discharge order means Plaintiff no longer owes the debt and has no personal liability therefore.  However, Defendant has made a corporate decision to willfully and maliciously act contrary to its knowledge in a calculated decision to violate the requirements to properly update Plaintiff's accounts.

13.  Defendant has a policy and procedure to refuse to properly update credit reports of consumers, such as Plaintiff, who have discharged their debts.  The reason is to keep

false information on their credit reports. The false information consists of a balance shown as owed absent any reference to the debt being discharged in Bankruptcy.

14. Defendant updates numerous accounts each month with allegedly the correct information regarding the balances but has willfully and maliciously refused to do so with Plaintiff and other consumers who are similarly situated.

15. Defendant has willfully and maliciously failed to report Plaintiff's accounts as having a "0" balance as required by 16 CFR § 607(6) which states, "a consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt."

16. Defendant has promised, through its subscriber agreements or contracts with the CRAs, to update accounts that have been discharged in bankruptcy but it has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, ADTPA, federal law and state law which has resulted in this information remaining on Plaintiff's credit reports.

17. Defendant has a policy to "park" its accounts on at least one of the Plaintiff's credit reports. This industry-specific term refers to keeping a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain refinancing, qualify for a loan, or increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendant's intentional and malicious conduct.

18. In the context of "parking" an account, Defendant has an obligation and duty under federal and state law to accurately report the balance and it has willfully and maliciously

refused to do so.

19.   The account is still showing as collectable in the "Collections" section of Plaintiff's

TRANS UNION report with a balance of $77.

20.   Defendant has agreed to and understands it must follow the requirements of the FCRA

including:

a)   15 U.S.C. § 1681(a)(1)(A) which states, "[a] person shall not furnish any

information relating to a consumer to any consumer reporting agency if the

person knows or has reasonable cause to believe that the information is

inaccurate."

b)   15 U.S.C. § 1681(a)(1)(B) which states, "[a] person shall not furnish information

relating to a consumer to any consumer reporting agency if -

(I)   the person has been notified by the consumer[1], at the address specified by

the person for such notices, that specific information is inaccurate; and

(ii)   the information is, in fact, inaccurate."

c)   15 U.S.C. § 1681(a)(2) which states, "[a] person who -

(A)   regularly and in the ordinary course of business furnishes information to

one or more consumer reporting agencies about the person's transactions

or experiences with any consumer; and

(B)   has furnished to a consumer reporting agency information that the person

determines is not complete or accurate, shall promptly notify the

---

[1]   The notice here comes from the federal bankruptcy court relating directly to the
consumer.

consumer reporting agency of that determination and provide to the

agency any corrections to that information, or any additional information,

that is necessary to make the information provided by the person to the

agency complete and accurate, and shall not thereafter furnish to the

agency any of the information that remains not complete or accurate."

21.   Defendant knows that parking a balance will lead to the publication of false and

defamatory information every time Plaintiff's credit reports are accessed.  However,

Defendant intentionally and maliciously intends to force Plaintiff, and others similarly

situated, to pay on an account that has been discharged.

22.   Plaintiff's credit reports have been accessed since the discharge and therefore the false

information of Defendant has been published to third parties.

23.   When the consumer pays the "parked" account, Defendant claims that such payment was

merely "voluntarily" or to pay off a "moral obligation."  Defendant knows and intends

that, by willfully and maliciously parking the account on the credit report, an illegal

payment can be extorted from the consumer.

24.   Despite receiving at least one dispute regarding its false reporting, Defendant has

intentionally and knowingly maintained its policy of keeping false and damaging

information on at least one of Plaintiff's credit reports.

25.   Defendant has a practice of maliciously, willfully, recklessly, wantonly, and/or

negligently violating, ignoring, and refusing to follow the requirements of the FCRA,

FDCPA, ADTPA, federal law and state law.

26.   All actions taken by employees, agents, servants, or representatives of any type for

Defendant were taken in the line and scope of such individuals' (or entities')

employment, agency, or representation.

27.  Defendant's actions were malicious, wanton, reckless, intentional or willful, and
performed with either the desire to harm Plaintiff, and/or with the knowledge that its
actions would very likely harm Plaintiff, and/or that its actions were taken in violation of
the law.

28.  Defendant has engaged in a pattern and practice of wrongful and unlawful behavior with
respect to accounts and consumer reports which subjects it to punitive and statutory
damages, and all other appropriate measures to punish and deter similar future conduct.

29.  The actions, omissions, misrepresentations, and violations of the FCRA, FDCPA, federal
law, and state law of Defendant, regarding Plaintiff's alleged debts, as described herein,
constitute harassment which has resulted in the negligent and intentional infliction of
mental and emotional distress upon Plaintiff, proximately causing Plaintiff to suffer
severe mental distress, mental and physical pain, embarrassment, and humiliation which
Plaintiff will in the future continue to suffer.

**FACTUAL ALLEGATIONS – DEFENDANT TRANS UNION**

30.  Defendant has failed and/or refused to verify the accuracy of the information it has
published and continues to publish in Plaintiff's credit reports.

31.  Defendant has failed to implement and/or follow "reasonable procedures to assure
maximum possible accuracy" of the information it publishes in consumer credit reports
in violation of 15 U.S.C. § 1681(e)(b).

32.  Defendant's intentional, reckless, and willful violations of the FCRA, federal law and
state law has resulted in the negligent and intentional infliction of mental and emotional

distress upon Plaintiff proximately causing Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation which Plaintiff will in the future continue to suffer.

### COUNT ONE
### DEFENDANT HOLLOWAY
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.*

33.   Plaintiff restates and reiterates herein all previous paragraphs.

34.   Defendant attempted to collect a consumer debt allegedly owed by Plaintiff and the obligation required Plaintiff to pay money arising out of transactions for personal, family, and household purposes.  More specifically, the following actions of Defendant violated the FDCPA:

   a)   Attempting to collect a debt by reporting and/or allegedly verifying a balance within the "Collections Account" section of at least one of Plaintiff's credit reports when there is no legal right to collect the discharged debt;

   b)   Taking illegal actions against Plaintiff;

   c)   Refusing to properly update Plaintiff's accounts;

   d)   Failing to show the accounts as being "disputed" by Plaintiff; and

   e)   Reporting the invalid debt on Plaintiff's credit reports.

35.   The foregoing acts and omissions were undertaken by Defendant willfully, intentionally, and knowingly as part of its routine debt collection business and/or in gross reckless disregard for Plaintiff's rights.

36.   As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for a

declaratory judgment that its conduct violated the FDCPA, and Plaintiff's actual

damages, statutory damages, and costs and attorney's fees under 15 U.S.C. 1692k, civil

liability [Section 813 of Pub. Law].

**COUNT TWO**
**ALL DEFENDANTS**
**VIOLATIONS OF THE ALABAMA DECEPTIVE TRADE PRACTICES ACT**
**ALA. CODE 1975 § 8-19-3, *et seq.***

37.    Plaintiff restates and reiterates herein all previous paragraphs.

38.    The conduct described herein has caused actual confusion or misunderstanding as to the

source, sponsorship, approval, or certification of services within the scope of the

Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3.

39.    Said conduct is generally and specifically within the meaning of the Alabama Deceptive

Trade Practices Act, Ala. Code § 8-19-3, *et seq.*, and in the course of business that is

prohibited, unfair, and deceptive.

40.    The foregoing acts and omissions of Defendants were undertaken by them willfully,

intentionally, and knowingly as part of their routine debt collection business, and

Plaintiff relied upon such representations as being lawful, yet such conduct is prohibited.

41.    The conduct described herein has tremendous potential to be repeated where other

consumers similarly situated will be treated with the same unscrupulous, unethical, unfair

and deceptive acts and practices.

42.    Defendants' unfair and deceptive acts have proximately caused emotional and actual

damages and Defendants are liable to Plaintiff for such injury.

## COUNT THREE
## ALL DEFENDANTS
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681, *et seq.*

43.    Plaintiff restates and reiterates herein all previous paragraphs.

44.    In the entire course of their actions, Defendants willfully and/or negligently violated

multiple provisions of the FCRA in one or more of the following respects:

       a)      By willfully and/or negligently failing, in the preparation of the consumer

reports concerning Plaintiff, to follow reasonable procedures to assure maximum

possible accuracy of the information in the reports as required by 15 U.S.C. §

1681(e)(b);

       b)      By willfully and/or negligently failing to comport with reinvestigation

procedures listed within 15 U.S.C. § 1681i;

       c)      By willfully and/or negligently failing to fulfill their duties as listed within

section 15 U.S.C. § 1681s-2, *i.e.* reporting information with actual knowledge of

errors, reporting information after notice and confirmation of errors, failing to

update and/or correct previously reported information determined to be inaccurate

or incomplete, failing to provide notice of dispute, and failing to provide notice of

closed account;

       c)      Defaming Plaintiff by publishing to third parties false information

regarding Plaintiff's creditworthiness;

       d)      Invading the privacy of Plaintiff; and

       e)      Failing in their duty to prevent foreseeable injury to Plaintiff.

45.   The foregoing acts and omissions were undertaken by Defendants willfully, intentionally, and knowingly as part of their routine credit reporting and/or credit furnishing business and in gross reckless disregard of the rights of Plaintiff.

46.   The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FCRA, 15 U.S.C. § 1681, *et seq.*

47.   As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for a declaratory judgment that Defendants' conduct violated the FCRA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees under the FCRA.

## COUNT FOUR – NEGLIGENT, RECKLESS AND WANTON CONDUCT
## DEFENDANT HOLLOWAY

48.   Plaintiff restates and reiterates herein all previous paragraphs.

49.   Defendant's acts, as described herein, were done so negligently and without care or concern for the well-being of Plaintiff.

50.   As a proximate consequence of Defendant's negligence, Plaintiff has been caused to suffer severe emotional and mental distress.

51.   As a result of the Defendant's unlawful acts, Defendant is liable to Plaintiff for actual, compensatory, and punitive damages, and costs and attorney's fees.

## COUNT FIVE - HARASSMENT
## DEFENDANT HOLLOWAY

52.   Plaintiff restates and reiterates herein all previous paragraphs.

53.   Defendant's acts, as described herein, were done so intentionally, maliciously, and willfully, and without care or concern for Plaintiff's well being.  Defendant's harassing collection tactics created a hostile environment for Plaintiff.

54. Defendant wrongfully exploited Plaintiff in an attempt to coerce Plaintiff into paying the alleged debts.

55. Defendant's communications to Plaintiff were offensive and harassing.

56. As a proximate consequence of Defendant's harassment, Plaintiff has been embarrassed, offended, humiliated, emotionally distressed, and forced to hire the services of an attorney.

## COUNT SIX – INVASION OF PRIVACY
## ALL DEFENDANTS

57. Plaintiff restates and reiterates herein all previous paragraphs.

58. Defendants' conduct, as described herein, constitutes an invasion of Plaintiff's privacy in that it intrudes into Plaintiff's private life, publishes private facts regarding Plaintiff, and places Plaintiff in a false light in the eyes of those to whom the publications are made.

59. Defendants' actions were done maliciously, without privilege, and with a willful intent to injury Plaintiff.

60. As a direct and proximate consequence of Defendants' acts of invading Plaintiff's privacy, Plaintiff has been injured in that Plaintiff has been caused to suffer severe embarrassment, humiliation, and mental and emotional distress.

## COUNT SEVEN – DEFAMATION
## ALL DEFENDANTS

61. Plaintiff restates and reiterates herein all previous paragraphs.

62. Defendants published false information about Plaintiff by reporting to one or more of the CRAs either a false account or balance.

63. Each time Plaintiff's credit reports were accessed, a new publication occurred, which was

the result intended by Defendants.

64.    The publications and defamations were done maliciously, without privilege, and with a

willful intent to injure Plaintiff.

65.    As a direct and proximate consequence of Defendants' acts of defamation, Plaintiff has

been injured in that Plaintiff has been caused to suffer severe embarrassment,

humiliation, and mental and emotional distress.

## COUNT EIGHT - MISREPRESENTATION
## DEFENDANT HOLLOWAY

66.    Plaintiff restates and reiterates herein all previous paragraphs.

67.    Defendant intentionally, maliciously, recklessly and/or negligently misrepresented

material facts in that it has falsely represented that Plaintiff owes money to that

Defendant.

68.    Defendant intends that those who review the credit reports of Plaintiff will rely upon the

misrepresentations and suppressions of material facts related to the balance owed and the

lack of indication that the account was discharged in bankruptcy.

69.    Defendant intended that the justifiable and reasonable reliance by others would adversely

affect Plaintiff.

70.    As a direct and proximate consequence of Defendant's acts of misrepresentation,

Plaintiff has been injured in that Plaintiff has been caused to suffer severe

embarrassment, humiliation, and mental and emotional distress.

## DECLARATORY AND INJUNCTIVE RELIEF

71.    Plaintiff restates and reiterates herein all previous paragraphs.

72. A dispute exists as to whether Defendants have violated the FDCPA, FCRA, Alabama Deceptive Trade Practices Act, federal law and state law.

73. Plaintiff is entitled to injunctive relief, a declaratory judgment, and a determination that Defendants violated the FDCPA, FCRA, Alabama Deceptive Trade Practices Act, federal law, and state law, and Plaintiff is similarly entitled to an order enjoining said acts.

74. As a result of Defendants' actions, omissions and violations, Plaintiff is entitled to actual, compensatory, statutory and/or punitive damages, reasonable attorney's fees, and all costs for time lost at work and litigating this matter.

75. Defendants' actions, omissions, and violations as alleged herein constitute the negligent and intentional infliction of mental and emotional distress upon Plaintiff, proximately causing Plaintiff to suffer great mental distress, mental and physical pain, embarrassment, humiliation, and will in the future to continue to suffer the same.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against each and every Defendant, jointly and severally, by this Court for the following:

a) Enter injunctive and corresponding declaratory relief establishing the foregoing conduct of Defendants to be unlawful, enjoining Defendants from continuing to engage in such conduct, and granting such additional equitable relief as may be appropriate;

b) Award Plaintiff actual damages;

c) Award Plaintiff punitive damages;

d) Award Plaintiff state and federal statutory damages;

e)      Award Plaintiff compensatory damages for mental and emotional distress,

humiliation and embarrassment;

f)      Award Plaintiff reasonable attorney's fees and costs of this litigation; and

g)      Grant such other and further relief as this Honorable Court deems just and proper.

RESPECTFULLY SUBMITTED this _5_ day of February, 2009.

Anthony Brian Bush (BUS028)
Attorney for Plaintiff
Anderson Nelms & Associates, LLC
2005 Cobbs Ford Road, Suite 301A
Prattville, Alabama 36066
Telephone:     (334) 351-1770
Facsimile:     (334) 351-1774
**Bar Id. #:  ASB-7306-A54B**

**THE DEFENDANTS MAY BE SERVED AT THE FOLLOWING ADDRESSES:**

HOLLOWAY CREDIT SOLUTIONS, LLC
c/o John M. Holloway, Jr.
1286 Carmichael Way
Montgomery, Alabama 36106

TRANS UNION, LLC
c/o Prentice-Hall Corporation System, Inc.
150 S. Perry Street
Montgomery, Alabama 36104